IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:24-CV-00098-BO

| | | |
|---|---|---|
| AMEROCK, LLC, | ) | |
|     Plaintiff, | ) | |
| v. | ) | O R D E R |
| | ) | |
| RICHELIEU AMERICA LTD, | ) | |
|     Defendant. | ) | |

On 3 April 2024, Plaintiff Amerock, LLC moved to remand this matter to Wake County Superior Court for lack of subject-matter jurisdiction due to a lack of complete diversity. [DE 10]. In its response, Defendant Richelieu America LTD. represents that it does not oppose remanding this matter to Wake County. [DE 14].

For a federal district court to have subject-matter jurisdiction based on the diversity of citizenship between the parties, the diversity must be complete. 28 U.S.C. § 1332(a)(1); *Cent. W. Va. Energy Co., Inc. v. Mountain State Carbon, LLC*, 636 F.3d 101, 103 (4th Cir. 2011) ("Section 1332 requires complete diversity among parties, meaning that the citizenship of every plaintiff must be different from the citizenship of every defendant."). If, at any time, the district court lacks subject-matter jurisdiction, the case must be remanded. 28 U.S.C. § 1447(c).

Because Amerock's sole member, Amerock Holdings, is a citizen of Delaware, *see Capps v. Newmark S. Region, LLC*, 53 F.4th 299, 302 (4th Cir. 2022) (deriving citizenship of limited liability company from citizenship of its members), Amerock and Richelieu, also a Delaware citizen, agree that complete diversity did not exist at the time of filing, *see* [DE 11 at 5]; [DE 14 at

2]. Accordingly, this Court lacks subject-matter jurisdiction over this matter and must remand it to Wake County Superior Court.

For these reasons, the Court GRANTS Amerock's motion [DE 10] and REMANDS this action in its entirety to the Superior Court for Wake County, North Carolina.

SO ORDERED, this ∂/ day of April 2024.

*Terrence Boyle*
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

2

Case 5:24-cv-00098-BO-RJ   Document 19   Filed 04/22/24   Page 2 of 2